Welcome. There are a number of things that this panel would like to do. First of all, thanks to the lawyers for coming over today. This is out of the ordinary. And I don't know whether you're happy to have an audience or unhappy to have an audience, but this is a larger-than-usual audience you can get for public arguments, and we appreciate you coming over today to do the arguments here. We thank also Bohol for its hospitality in welcoming us here. We do come back, not this panel, but the Ninth Circuit does come back every year, and we are always delighted to do so. This is a homecoming for Judge Nelson in the sense that he's been here numerous times. I remember him sitting up here on the bench when I was sworn in here at Bohol in this very auditorium. It's, of course, a homecoming for Judge Verdon, who is one of our graduates, and it's a homecoming for me. I taught here as a regular member of the faculty for over 20 years and I would continue to teach here as an adjunct. So hearing me today as a judge, it's with a different capacity than you hear me in the classroom. I recall as a teacher, the staple of a teacher's life is to say how wrong or ignorant the judges are, and I acknowledge after the last five years an opportunity to demonstrate that. Okay, we have five cases on the calendar. We'll hear them in sequence. The first case, and I'm not sure I'm pronouncing the name properly, is Rodman-Dolan v. Ashcroft, and there will be ten minutes per side when you're ready to count. Good morning. May it please the court. Following in the footsteps of Julius Caesar and Pope Gregory XIII... I'm sorry to interrupt, but if you pull that microphone towards you, how about the other one? We'll have a bit of anticipation in a moment. Try that. There we go. May it please the court. Following in the footsteps of Julius Caesar and Pope Gregory XIII, this court has the opportunity once in a millennia to declare that a year is exactly 365 days long. The issue for review is whether my client, Mr. Reiner Dolan, established sufficient physical presence in the United States to qualify for discretionary relief from removal under INA Section 240A, Subpart B. That statute requires that an applicant for discretionary relief show that he or she has had no less than ten years of continuous physical presence in the United States prior to submitting the application for relief from removal. By the same token, INA 240A, Subsection D1 states that the service of the Charter document, the Notice to Appear, hangs the time in which physical presence may be accrued. In this case, Mr. Reiner Dolan arrived in the United States on May 14, 1987. He was served with the Notice to Appear on May 13, 1997. If the year is counted as 365 days, and I believe Galileo will support me on this, then ten years is a period of ten times 365 days. And just as a year runs from January 1st to December 31st, the year would also run from May 14th to May 13th. So if you multiply May 14th to May 13th by ten, Mr. Reiner Dolan was physically present in the United States on each of the 365 days times ten to qualify. The only reason you would be wrong is that it's not good enough to have been there on the day. You have to be there for an elapsed period of the year so that, for example, if somebody gets up in the morning on January 1st at 8 a.m., is he there for a year as of 8 a.m. on the 31st, or is he not there for a year until 8 a.m. on the following January 1st? That really is the heart of the case. The Board never really said what it means to be here for a year or for ten years. The Board never really said that entry must be for the full 24 hours of each of the days that one is counted towards the presence in the United States. Well, that's because the Board seems to have a completely different theory. The BIA, not in its brief, but the BIA seems to think that the last day just doesn't count at all. Well, Your Honor, it's really hard for me to discern what the Board really said, because the Board simply, in its decision, noted that Mr. Langendoten arrived on the 14th of 87, May 14th of 87, was served on May 13th, 1997, and concluded that he did not have sufficient physical presence. We don't have any analysis by the Board in this case of what it means to be here for one year or for ten years, whether you count the full 24 hours, whether it means to be here part of the day or not part of the day. And this really is in contrast to the case which we cited in our brief with Massive versus INS, a fairly unusual case in which the petitioner, who was seeking a political asylum, was arguing that he remained qualified despite his multiple convictions for crimes of violence, because he served, again, in that context, one is not eligible for asylum if one has been convicted of a crime of violence and sentenced to one year or more. Massive was arguing that his criminal sentence of 365 days was really not a year, because a year, and again, Galileo will support me on this, runs 365 days, some four hours and some 56 minutes, and since he didn't serve those full hours and minutes, he didn't really serve a year. And the Board in that case said, come on, a year is 365 days. We go by what a calendar year runs. That is the common understanding of what a year is. And the Board simply did not do that in this case. We have no idea what the Board said or, pardon me, what the Board meant when it said that he was not eligible and did not have the sufficient physical presence. What I understood them to say was that they said he had to be here a year prior to the service, and so they cut out the day of the service on that theory, which I don't think is right, but I did think they had a coherent story. It just doesn't report what the statute. Well, the Board never really said we're cutting out that day. The Board left that perhaps implicit, which we submit is not sufficient for review under SEC v. Kennery. The Board, as an administrative body, really has to enunciate or elucidate what they're saying in support of their decision. The Board never said the day is cut off on May 13th by service of the notice to appear. The Board never addressed whether that presence on that day, he wasn't served on the day May 13th before the notice to appear was served, and it's never been brought up in the facts whether he actually was here the full 24 hours. If he arrived, for example, the notice to appear in the record, page 442 of the record, shows that he was served at 1.30 p.m. If Mr. Langdon arrived in the United States on May 14th, 1987, prior to 1.30 p.m., certainly he's been here for the full year and the full 24-hour period, running all the way until May 13th of 1997. I've got a somewhat different question. We tend to defer to constructions of statutes by agencies. The BIA has applied this statute, but really hasn't told us much about why it's applying it. Is there some reason why we should send it back to them for a fuller explication, or have they had their shot? Your Honor, in the interest of my client, we would certainly accept a remand back to the Board for an explication of what it means, and an attempt to prove that Mr. Langdon, which he never had served in front of the Board, to prove that he met the requirement of filling the full 365-day, one year multiplied by 10 period. At the very least, we think this decision requires a remand to the Board to say exactly what is meant by fulfilling the 10-year requirement. Well, I'm after a slightly different possibility, and that is to say, you say at the very least we should do that. Would it be permissible for us, given that the Board has already ruled on this question, for us simply to construe the statute? Absolutely. The Board, this Court has revealed the Board's decision to no vote, and the Court, as it did in NASA, has the ability to obviously tell the Board what the law means. The Board did not have time. But suppose we thought that the Board's construction is wrong, but there are other constructions which may come out in different ways, some of which might be right, some of which might be wrong, or some of which, either of which would be right. In other words, we thought the Board's version was wrong, but there are other versions, any of which would be right, and you might lose under some and win under the other. Well, I submit that that would require a remand at least to establish the full fact, full factual picture of what Mr. Langendell did in fact have. It's possible that this Court can construe that he must be here the full 24 hours. It might show that he arrived before, for example, 1.30 p.m. on the day of his arrival on May 14th, 1987, to get the full one year till May 13th, 1997 at 1.30 when he was served with a notice to appear, in which case this Court certainly has the authority to say this is what we believe a year, 10 years, means, but the record needs to be developed, assuming that that is one interpretation the Court might find, to develop the record so that Mr. Langendell would prove the greatest possible facts in which he might be able to benefit from the law. The government will, I expect, argue that the Board is simply interpreting the law under a statutory prerogative as an administrative agency. One statutory prerogative, which I assume not brought this Court to lose sight of, was announced in Cardozo-Fonseca, in which Justice Blattman stated that when the law is ambiguous, given the harsh consequences of removal or deportation, in which case my client will be removed from the United States from his U.S. citizen who is now a U.S. citizen's wife and his U.S. citizen's child, that this statutory ambiguity should be construed in favor of the alien. Well, I think we've got the argument in hand. Why don't we hear from the government, and then we'll give you a minute to revert back. Thank you, Your Honor. May it please the Court, my name is Earl Wilson on behalf of the respondent, Attorney General John Ashcroft. Now, this case is about whether someone who falls one-day short of establishing 10 years of physical presence in the United States is legally eligible. I have a question as to whether he did fall one-day short. Well, Your Honor, just strike me right to the heart of the issue. The statute makes clear that the petitioner must show that he's here for not less than one year. He has got to show not less than one year. The plain meaning of that simply cannot be on half of a day or a particular year. It must mean one year. Going through his example of how he fell. Well, what did the BIA – I understand that's your argument, but it doesn't seem to me to be what the BIA said. The BIA, as I understand it, said that he had to be here for not less than 10 years prior to the date of service. That's correct. So they were kicking out altogether the days. And that's wrong. Do you agree that that's wrong? No, I don't, Your Honor. If you look at the statute, the statute talks about not less than 10 years as of the date that the – It says not less than 10 years immediately preceding the date of such application. Right. That's the measure – his date of the application was long later, so that doesn't – Right. And I think what the natural reading of that statute is – what this Court has held throughout its precedent is that you can count the precedents all the way up to the date of the application. And the statute, Section D, cuts off – essentially moves that application date up to the date of the notice to appear. That's the way that – The date of the notice to appear. So you count the date of the notice to appear. No, it says you've got to – instead of the date of the application, you use the date of the notice to appear. But that – but the statute that you're relying on doesn't say notice to appear. The statute you're relying on says application. And the application is, of course, long after. And if it were the date of the application, he wouldn't be here. He's got his 10 years plus quite a bit. Right. So you're saying that we want to treat the notice to appear as if it were the application. But, of course, there's nothing in the statute that says that. Well, I think this Court – we argue that this Court's precedent by stating – by changing – the statute moves this up to the date to appear. We would say that that's the correct analysis. But the statute's very clear about that. It then goes on and says any period of continuous residence – says any period of – or D-1, I guess. Any period of continuous residence shall be deemed to end when the alien is served a notice to appear. And that's prior to the day, but when. So this is quite lucid about that, and the BIA has to be wrong about that. Your Honor, if you understand how the cancellation of removal works, you can't apply for cancellation of removal until you're charged with a notice to appear. So there can never be a date that you file an application before the date of the notice to appear. Well, that's right. So this other provision is the one that defines when it ends. It says when it ends, when the alien is served with a notice to appear. But what I'm suggesting, Your Honor, is that the date – if you read the two statutes together, the Board reasonably concluded that that date – you sort of substituted – when you read in Section D, you use the date of the application as a date again. But I will tell you this, Your Honor, even assuming that it's ambiguous. Even assuming that it's ambiguous. The only way this petitioner can prevail is for him to demonstrate that as of the time that his NTA was served, he has already resided in the United States for ten full years. That's it. And I'll just use this example. Assume, for example, that the court's statute says you've got to show at least one day of residence. Clearly, he can't arrive in the United States at 11 p.m. and say, I've got at least one day of residence. For it to mean for not less than, it means not less than a day. So this court can't say that it's at the end of May 13th. Because assuming that the NTA was served at 1 30, and I'm not sure the record establishes that, but assuming that that's the case, he has to show that at 1 30, he resided in the United States for ten full years. Not a part of the day on the 14th and a part of the day, because the statute would then make no sense. If you sentence someone to a year in jail, he has to serve not part of the day. Well, that's a good question. If you send somebody to a year in jail and you bring them into jail on January 1st, when does he get out? December 31st or January 1st? Well, let's presume that he can be kept until the end of that period. All right, but if he gets in at 9 in the morning and they let him out at 5 o'clock on December 31st, has he been there for a year? No, he's permissive. They can, as a matter of discretion, let him out early on that day, but if he has to be there for not less than a year, presumably, yes, but when you celebrate a year, you know, New Year's Day, New Year's Day doesn't arrive at 5 o'clock in the afternoon. It arrives at midnight. So, under one argument, a part of the day simply can't count, can't establish that he was there for a year. If the statute says any part of the day, that would be an argument. But he can't prevail unless he shows that he was there for one, for a full year. So, for him to prevail, even under his theory. All right, let's suppose we thought that your current theory is right, but that it's not what the BIA did. It doesn't seem to me it is what the BIA did. But the BIA had a different theory. Why do we do that? Suppose we thought that your theory, had the BIA adopted it, would be reasonable, but that the theory that the BIA actually adopted was not. Well, Your Honor, the BIA adopted one of two. Well, first of all, the burden on the petition is to show that he was here for a year. The board said that he didn't do that, and there are no set of facts, no evidence in this record that establishes 10 years. There's simply none. There's no reason to remand to the board. What petitioner has shown, and it's his burden, that he has served 10 full years. He simply has not done that on this record. What if the BIA was to announce that their statutory interpretation is that one year, basically, such that if you were here on parts of 365 days, that's a year. Would that be an impermissible statutory interpretation? No, no, so you were here on 365 days, but not all of 365 days, but that's a year. Would that be an impermissible statutory interpretation? Would that be impermissible? Yes. If the board were to determine that? I can't speak to that, Your Honor, because I think the board has to determine in the first instance. I'm loath to speak on behalf of the board, but it seems to me the statute says not less than 10 years. You can't interpret it that way. Congress set the requirement, and Congress was clear in this case. It didn't say, it said not less, and that's the very, this case turns on not less. Not less is not part of it. Not less means not less. I mean, this is one of the rare instances where the statute says not less. Well, okay, it says, must have been, quote, physically present in the United States for a continuous period of not less than 10 years, immediately preceding. Okay, 10 years. They don't say 10 full years. Now, if they said 10 full years, maybe your argument would be sort of irresistible, but they didn't say that. And we're accustomed to, in many areas of the law, to counting the day on which something is done as a day that gets to get counted. So what we have is he arrived on the 14th of May. Ten years later, I'll call it that roughly, on the 13th of May, he served with a notice of appearance. And the question is, does he get to count the day on which he arrived, the 14th of May, and does he get to count the day on which he served, the 13th of May, 10 years, or maybe in your view, almost 10 years later. I'd like to repeat your version of the question, and that is, the board has had a chance at construing the statute. As I read the statute, the board's opinion, they're wrong. That is to say, the rationale that they use, that is to say, this is not 10 years preceding the date of the application, well, that's preposterous. Your argument is, I think, plausible. So what I'm asking is, if the board has had one shot at construing the statute, and their construction is, in my view, plausibly, excuse me, manifestly implausible, do they get another chance? Or do we just say, listen, we're going to read the statute. Your reading just doesn't work, and we'll then choose among the various readings that we think might work. Your Honor, the board, for example, if this were a case of he were a year short, and there's no set of facts under which he makes 10 years, the board doesn't have to get into this. The court would conceivably say, well, the board didn't fully explain its reasoning. That's what we have in this case. If there are no set of facts, whether you take the, exclude the 10 that date completely, or you take as of the date of the service, under either theory, based on this record, the board is right. You know, this court is suggesting that the board is correct under any theory in this case. So that's why I asked you whether, if they had taken the view that we are, as a practical matter, going to look at days and be there for five or days. We're not going to start tracking days into sub-hours. If that had been their interpretation, would that be a legally erroneous interpretation? And if not, and if that's a plausible possibility, which they haven't ruled on, really, then what do we do with that? Well, Your Honor, I think the way this case should end is that if the, under no set of facts, has this petitioner demonstrated that he was here for 10 days? No, no. If the interpretation I had suggested was correct, then he would prevail. Well, but the board could not have said part of the date. Well, it couldn't, but I asked you whether, if they had said it, it would have been an unreasonable or necessarily reversible construction. And you said you didn't know. What I'm saying to you, Your Honor, is that that's, we know the board didn't say that in this case. No, they didn't. Because if the board said that, if the board believed that. No, they definitely did not say that. So what the board says, either you don't count the day total, or you count up until the date, either construction. If this court were to ascribe one of those two constructions to the board, under one of those two constructions, petitioner loses, because he's a day short, based on the record. The only way this court would have to re-manage it is if this court were to say, the board held that, we're not, you know, we are sure whether the board held that the day is sufficient, but we know the board didn't do that, because for the board to do that, it would have granted, it would have granted the petitioner this case. And so we know the board didn't count part of that day, or part of any day. What the board must have done is must have excluded that day, and at a minimum, it said that, and the law says it's clear, it ends at the time that the NTA is served. So if this court could hold even one of two things, if we hold that the law, assuming that he was served with the NTA on the 14th, at 12 o'clock in the afternoon, and he can only demonstrate that the NTA was served on the 12 o'clock, this court simply, I don't believe, consistent with the statute of not less than 10 years, say that he prevails, because that would be contrary to the plain language of the statute. Okay. Thank you. Thank you very much for your argument. The government ran over a little. If you'd like a minute or a minute and a half for a rebuttal, please. Thank you, Your Honor. In response, the government has alleged that there is no theory to which Mr. Langendell can prove that he qualified for the 10 years of continuous physical presence. Call attention to the government's brief, page 13, where the government writes, In his opposition to the government's summary affirmation motion, Langendell asserts, quote, If he arrived in the United States on the morning of May 14, 1987, and received the NTA in the afternoon of May 13, 1997, hasn't he literally met the requirements of INA Section 240A, Part B1A, and INA 240A, Part D1, Petition of Summary Affirmation, page 3? The government says, That well may be true. However, as discussed in the text, Langendell has not met the burden of proving these facts. So there are theories, there are possibilities, which the board has never addressed in which Langendell has been on the record. And why didn't you write about that? If the burden's on you and you didn't prove it, even if that were the theory, you haven't proved it. That opportunity was never presented in the records, Mr. Langendell, to prove whether he arrived in the United States. The judge, either the judge and the judge's decision, again, it's not subject for review here, never even examined the issue of May 14, 1987. It's a completely different issue. Completely different issue, and neither did the board. Thank you, Your Honor. Thank you very much. Thank both sides for a very capable argument on a very interesting point in regards to the client, a critical point. The case of Langendell v. Ashcroft is now submitted for decision. The next case on the argument calendar is Wilford v. Strangton. This is 20 minutes per side, and we will now entertain the argument.
judges: Tg Nelson, W Fletcher, Berzon